ADOLPH HILL, on His Own Behalf and on Behalf of All Other Taxpayers of the City of New York Who May Come in and Join in this Action, Respondent, *v.* FLORENCE E. S. KNAPP, Individually and as Secretary of State of the State of New York, and Another, Appellants, Impleaded with CHARLES W. BERRY, as Comptroller of the City of New York, and Others, Constituting and as Members of the Board of Estimate and Apportionment of the City of New York, Respondents.

First Department, October 13, 1926.

Elections — voting machines — action by taxpayer to restrain Secretary of State from completing contract for purchase of voting machines for New York city — Election Law, § 246, transferring power from board of elections to Secretary of State removed restrictions contained in Greater New York charter, § 419 — no fraud shown in letting contract — injunction pendente lite denied.

In an action by a taxpayer to restrain the Secretary of State from completing a contract for the purchase of voting machines for use in New York city on the ground that the contract was illegal under section 419 of the Greater New York charter, and on the ground of fraud in the letting of the contract, a motion for an injunction *pendente lite* should have been denied, since the transfer by section 246 of the Election Law of the power to contract for voting machines from the board of elections to the Secretary of State made the restrictions contained in section 419 of the Greater New York charter inapplicable, and since there is no proof of any fraud in the letting of the contract.

APPEAL by the defendants, Florence E. S. Knapp, individually and as Secretary of State, and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of September, 1926, granting plaintiff's motion for an injunction *pendente lite* in a taxpayer's action brought pursuant to section 51 of the General Municipal Law.

*Leonard J. Obermeier, Special Deputy Attorney-General,* of counsel [*Albert Ottinger, Attorney-General*], for the appellant Secretary of State.

*John W. Hannon* of counsel [*John T. Loughran* with him on the brief; *Delehanty, Giffin, Hannon & Evans,* attorneys], for the appellant Automatic Registering Machine Company.

*Samuel F. Frank* of counsel [*Frank, Weil & Strouse,* attorneys], for the plaintiff, respondent.

*Denis R. O'Brien* of counsel [*George P. Nicholson, Corporation Counsel*], for the respondents members of the Board of Estimate and Apportionment.

*Leonard M. Wallstein,* for the Citizens' Union of the City of New York, as *amicus curiæ.*

PER CURIAM.   We conclude that, upon the transfer by section 246 of the Election Law of the power to contract for voting machines from the board of elections to the Secretary of State, the restrictions in the letting of the contract upon the municipal authorities imposed by section 419 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1922, chap. 661) were not applicable, and hence the contract cannot be held illegal.   The proof does not make out any fraud in the letting of the contract by the Secretary of State, and hence the taxpayer has no cause for an injunction order to restrain its completion.

The order appealed from should, therefore, be reversed and the motion for an injunction denied.

Present — CLARKE, P. J., DOWLING, FINCH, McAVOY and MARTIN, JJ.

Order reversed and motion denied.